# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VILLA, | CASE NO. 1:11-cv-00876-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | (Doc. 7) |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff Robert Villa, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 31, 2011. On August 16, 2011, Plaintiff filed a motion seeking a preliminary injunction (1) prohibiting prison officials from retaining Plaintiff in Administrative Segregation or the Security Housing Unit; (2) requiring prison officials to house Plaintiff commensurate with his pre-validation classification score; (3) prohibiting prison officials from harassing Plaintiff for filing inmate appeals and litigating this case; and (4) permitting Plaintiff to provide testimony in support of this action.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

For *each* form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). To obtain a preliminary injunction, Plaintiff must show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

This action involves claims that in 2010, prison officials at Centinela State Prison validated Plaintiff as a gang associate, sentenced him to a Security Housing Unit term, and transferred him to the California Correctional Institution (CCI), allegedly in retaliation against him for filing inmate appeals and assisting other inmates with their appeals. Even assuming Plaintiff is able to state viable claims for relief against staff at Centinela State Prison for wrongfully validating him in 2010, Plaintiff is no longer housed at Centinela State Prison and his claims arise from past conduct.[1] In as much as the orders sought are not narrowly tailored to remedy Plaintiff's legal claims, Plaintiff lacks standing to seek preliminary injunctive relief, other deficiencies notwithstanding. 18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. at 1149; Mayfield, 599 F.3d at 969.

///

---

[1] In a separate order issued concurrently with this order, the Court dismissed the two defendants who worked at CCI for failure to state a claim, 28 U.S.C. § 1915A, and ordered the action transferred to the United States District Court for the Southern District of California, 28 U.S.C. § 1404(a).

1     Accordingly, the Court lacks jurisdiction to issue the orders sought and Plaintiff's motion is
2 DENIED.

4 IT IS SO ORDERED.

5 **Dated:**   **October 17, 2011**          /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE